UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>              Plaintiff,<br><br>    v.<br><br>GERMAN,<br><br>              Defendant. | Case No.: 1:15-cv-01511-LJO-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE |

   Plaintiff Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights actions pursuant to 42 U.S.C. § 1983 on October 5, 2015. He is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: Bradford v. White, et al., 2:98-CV-00180-FCD-JFM-P (dismissed June 3, 1999, for frivolousness and as barred by the statute of limitations); Bradford v. Terhune, et al., 2:02-CV-01859-FCD-GGH-P (dismissed June 18, 2003, pursuant to 28 U.S.C. § 1915(g)); Bradford v. Terhune, et al., 1:04-CV-05496-AWI-DLB-PC (dismissed October 21, 2004, for failure to state a claim); Bradford v. Superior Court of CA, 1:07-CV-01031-OWW-LJO (dismissed August 21, 2007, for frivolousness) Bradford v. Grannis, 2:05-CV-00862-FCD-DAD-P (dismissed

1  The Court has reviewed Plaintiff's complaint and his allegations do not satisfy the imminent danger exception to section 1915(g). <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1055-56 (9th Cir. 2007). Plaintiff's alleges that on September 25, 2015, he complained to Defendant German, a registered nurse, about chest pain and his blood-clotting disorder, and made a request to see the yard physician. The nurse told him he would have to wait until "next month" to see the doctor. (ECF No. 1, p. 3).

Although Plaintiff's allegations concern a medical condition, they do not on their face demonstrate that, at the time of filing of his complaint, he was under imminent danger of serious physical injury. He has alleged an ongoing medical condition requiring treatment and complaints of discomfort, but no description, information, or explanation for what about his condition, if anything, rendered it serious or acute at the time of his filing. He further specifically alleged that he was seen by a nurse who stated he would receive treatment within the next month. He is not clear about exactly when he was to receive that treatment, except to say it was within a month from his September 25, 2015 conversation with the nurse, but this still shows he will soon or possibly has already received the care he says he needs. Therefore, Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and must pay the $400.00 filing fee if he wishes to litigate this claim.

Accordingly, the Court HEREBY ORDERS as follows:

This action is DISMISSED without prejudice to re-filing accompanied by the $400.00 filing fee.

IT IS SO ORDERED.

Dated:   **October 14, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

September 30, 2007, for frivolousness and failure to state a claim); <u>Bradford v. Amaya</u>, 1:08-CV-00211-OWW-GSA (dismissed April 17, 2008, for failure to state a claim; and <u>Bradford v. Terhune, et al.</u>, 1:04-CV-05261-LJO-SMS-PC (dismissed May 12, 2008, for failure to state a claim).

2